IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHANIE MALDONADO,
OBERLIN MALDONADO

      Plaintiffs,

      vs.                                                  1:23-cv-00103-KWR/JFR

WL TRUCKING, INC., and
REN XUEZHI,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Partial Motion for Summary Judgment as to WL Trucking's Negligence in the Hiring and Retention of Ren Xuezhi and the Availability of Punitive Damages. (Doc. 40). Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is not well-taken and is, therefore, **DENIED**.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred on September 5, 2022, on Interstate 40 in Guadalupe County, New Mexico. Doc. 1, ¶11. Plaintiffs were traveling in a motor vehicle when a tractor-trailer, driven by Defendant Ren Xuezhi allegedly swerved from the left lane and into the right lane, colliding with Plaintiffs' vehicle. *Id*. at ¶13. Plaintiffs state the collision caused significant damage to the driver's side door and the front, right wheel of Defendant's tractor. *Id*. When Plaintiffs pulled over, Defendant Ren initially failed to stop. *Id*. at ¶14. Plaintiffs state they sustained severe back injuries due to Defendant Ren's negligent driving. *Id*. at ¶17. Defendant WL Trucking, a motor carrier, at the time of the incident, was authorized by the Department of Transportation to transport property. *Id*. at ¶ 18. At the time of the incident,

Defendant Ren was employed as a commercial driver by WL Trucking. *Id*. at ¶19. Plaintiffs initiated this suit on February 3, 2023, alleging claims of negligence and negligence *per se* against both Defendants and claim damages greater than $75,000. *Id*. at 5-12.

Plaintiff filed the instant motion on June 12, 2024, arguing that Defendants have admitted Ren Xuezhi negligently caused the vehicle wreck. Doc. 40 at 1. Defendant Ren was not a qualified driver, hired by WL Trucking, Inc., who proximately caused the collision. *Id*. Therefore, Plaintiff moves the Court to find that as a matter of law, WL Trucking, Inc., was negligent in its hiring, retention, and supervision of Defendant Ren Xuezhi, which rises to conduct deserving punitive damages.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could have an effect on the outcome of the suit. *See Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.* (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its initial burden, the non-movant cannot "rest on the pleadings[,] but must set forth specific facts by reference to affidavits, deposition transcripts, or other exhibits to support the claim." *See Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). "[A] complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial," and the moving party will be entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

On summary judgment, a court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). A court cannot weigh the evidence and determine the truth of the matter, but instead, must determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**FACTS**

The parties agree that Defendant Ren Xuezhi was negligent at the time of the accident at issue. Defendant's UMF 1. Plaintiff asserts that Defendant Ren negligently caused the collision, and Defendant does not appear to refute this. Plaintiff's UMF 1 citing, Ex. 1. Ren Xuezhi's primary language is Mandarin Chinese. Plaintiff's UMF 2 citing, Doc. 39, Ex. 1. Plaintiff asserts Defendant Ren does not speak English sufficiently to converse with the general public, to understand English highway traffic signs or signals, to respond to official inquiries, or to make report and record entries. Plaintiff's UMF 3 citing, Ex. 2 at 32:36. Defendant disputes this, stating that Defendant Ren is an experienced commercial truck driver who for several years was able to safely operate commercial motor vehicles. Doc. 45 at 3 citing, Ex. A.

Defendant Ren was driving a commercial motor vehicle in the course and scope of his employment with WL Trucking at the time of the collision. Plaintiff's UMFs 4 and 5 citing, Doc. 9 at 3-6. At the time of the collision, WL Trucking was a registered motor carrier through the United States Department of Transportation and was authorized for hire as a carrier of general freight in interstate commerce. Plaintiff's UMF 6 citing, Doc. 8, ¶15. WL Trucking's Department of Transportation number was 3248871. *Id*. WL Trucking is no longer authorized to carry goods

in interstate commerce.  Plaintiff's UMF 7 citing, Ex. 3.  WL Trucking, Inc., has not responded to written discovery requests.  Plaintiff's UMF 8 citing, Doc. 39.  WL Trucking has not produced in discovery any documents related to the record-keeping requirements of the federal motor carrier safety regulations pertaining to driver qualification files.  Plaintiff's UMF 9 citing, *Id*.

## DISCUSSION

### I. Defendant Created Genuine Disputes of Material Fact as to Whether WL Trucking, Inc., had a Culpable State of Mind to Warrant Punitive Damages

Plaintiff seeks partial summary judgment to show that Defendant WL Trucking, Inc. had a culpable state of mind to warrant punitive damages.  This Court disagrees.  This Court concludes that Defendants created a genuine dispute of material fact that Defendant WL Trucking had a culpable state of mind to warrant punitive damages.

In this diversity action, New Mexico substantive law and Federal procedural law apply. *Smith v. Ingersoll-Rand Co.*, 214 F.2d 1235, 1248-49 (10th Cir. 2000); *Vigil v. Burlington N. and Santa Fe Ry. Co.*, 521 F.Supp.2d 1185, 1221 (D.N.M. 2007) (applying New Mexico substantive law on punitive damages in a case where jurisdiction was founded on diversity).  "New Mexico law permits an award of punitive damages 'to punish and deter persons from conduct manifesting a culpable mental state.' " *Vigil*, 521 F.Supp.2d at 1221 (quoting *Paiz v. State Farm Fire & Cas. Co.*, 880 P.2d 300, 308 (1994)).

"To be liable for punitive damages, a wrongdoer must have some culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ , 881 P.2d 11 (internal citation omitted); New Mexico UJI 13-1827; *see also Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1250 (10th Cir. 2000) ("The defendant must act knowingly, displaying an 'evil motive' or culpable

4

mental state."); *Couch v. Astec Indus., Inc.*, 2002-NMCA-084, ¶ 58, 53 P.3d 398 ("Because the purpose of punitive damages is to punish a wrongdoer, a wrongdoer must have a culpable mental state to be liable for punitive damages.")

"The New Mexico Supreme Court reasoned that punitive damages are intended to punish and deter prohibited conduct, and thus should only be assessed where the conduct at issue displays a 'conscious' or 'deliberate disregard of a potential harm.' " *Ingersoll-Rand Co.*, 214 F.3d at 1251.

Reckless conduct "is the intentional doing of an act with utter indifference to the consequences." N.M. UJI 13-1827; *Couch*, 2002-NMCA-084, ¶ 58. "Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's" rights or safety. N.M. UJI 13-1827. A defendant's conscious disregard for other's personal safety may give rise to punitive damages, although unsafe features alone do not necessarily give rise to an inference that a defendant recklessly or consciously disregarded safety. *See Couch*, 2002-NMCA-084, ¶ 60. In a product liability case, a defendant unaware of a product's defect and unaware of the serious danger or substantial harm posed by that defect does not act "consciously" or "recklessly" in disregard for another party's rights. *See Rimbert v. Eli Lilly and Co.*, 577 F.Supp.2d 1174, 1212 (D. N.M. 2008).

A corporation may be liable if it authorized or ratified an employee's conduct. Moreover, "[t]he cumulative conduct theory provides that an award of punitive damages against a corporation may be based on the actions of the employees [viewed] in the aggregate [in order] to determine whether [the employer corporation] had the requisite culpable mental state because of the cumulative conduct of the employees." *Grassie v. Roswell Hosp. Corp.*, 2011-NMCA-024, ¶ 30, 150 N.M. 283, 258 P.3d 1075, 1084.

Under New Mexico law, a defendant's "compliance with federal regulations does not preclude a finding of recklessness or an award of punitive damages." *Gonzales v. Surgidev Corp.*,

120 N.M. 133, 147-48, 899 P.2d 576, 590-91 N.M.1995 (citation omitted); *cf. Allsup's Convenience Stores, Inc. v. North River Insurance Co.*, 127 N.M. 1, 17, 976 P.2d 1, 17 (1998) (stating that "[i]ndustry customs or standards are evidence of good or bad faith, but they are not conclusive").

Here, Plaintiff contends that the Court should find that the facts cited are material and undisputed, and that as a matter of law, Defendant WL Trucking, Inc., hired and/or retained Defendant Ren Xuezhi. Doc. 40 at 3. Furthermore, Plaintiff argues the Court should find that, as a matter of law, if damages are awarded by the jury for WL Trucking's negligence, WL Trucking is also liable for punitive damages because its conduct in the hiring, training, and retaining Defendant Ren was reckless, malicious, willful, or wanton. *Id*. Defendant asserts there is a genuine issue of material fact as to whether Defendant WL Trucking, Inc., is liable for direct negligence, which precludes summary judgment. Doc. 45 at 5. This Court disagrees with Plaintiff.

"Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 168 P.3d 155, 165 (N.M. Ct. App. 2007) (quoting *Herrera v. Quality Pontiac*, 73 P.3d 181, 185-86 (N.M. 2003)). "Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit." *Lessard v. Coronado Paint & Decorating Center, Inc.*, 2007-NMCA-122, ¶ 28, 168 P.3d 155, 165. For a negligent hiring claim, "there must be evidence that the employee was unfit, considering the nature of the employment and the risk he posed to those with whom he would foreseeably associate, and that the employer knew or should have known that the employee was

unfit." *Id*. citing, *Valdez v. Warner*, 742 P.2d 517, 519 (N.M. Ct. App. 1987). "The proper standard for determining whether an employer should be held liable for negligent supervision or retention of an employee is whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 18, 164 P.3d 90. "Whether the hiring or retention of an employee constitutes negligence depends upon the facts and circumstances of each case." *F & T Co. v. Woods*, 594 P.2d 745, 749 (N.M. 1979).

This Court disagrees with Plaintiff and finds there are genuine issues of material fact. Defendant Ren has stipulated to negligence. Plaintiff's UMF 1 citing, Ex. 1. It is also undisputed that Defendant Ren's primary language is Mandarin Chinese. Plaintiff's UMF 2 citing, Doc. 39, Ex. 1. Specifically, Plaintiff argues that because Defendant Ren cannot read or speak English sufficiently to converse with the general public or respond to official inquiries, he was unqualified to be a commercial motor vehicle operator under Part 391.11 of the Federal Motor Carrier Safety Regulations (FMCSRs) found in 49 CFR §§ 350-99. Doc. 40 at 4. Therefore, poor English renders a commercial motor vehicle driver unfit; Defendant WL Trucking knew or should have known this foreseeable risk.

This Court finds, based on the evidence presented, while Defendant Ren's primary language is Mandarin Chinese, Defendant asserts that he was able to understand and respond to the investigating officer at the scene of the accident in English. Doc. 45 at 7 citing, Ex. 2. This is directly at odds with Plaintiff's assertion that Defendant Ren was unqualified because of his English language skills. Doc. 40 at 4.

In asserting its negligent hiring claim and seeking summary judgment, Plaintiff has not demonstrated through undisputed material facts that Defendant Ren was unfit for employment.

7

*Warner*, 742 P.2d at 519.  Plaintiff's theory, that Defendant Ren was unfit because of his proficiency in English, is genuinely disputed.  Furthermore, Plaintiff has not presented evidence or argument demonstrating that Defendant Ren was unfit considering the nature of the employment, the risk he posed, and its foreseeability to Defendant WL Trucking, Inc.  Plaintiff has not argued to this Court nor presented undisputed material facts as to how Defendant Ren's English proficiency made him unfit when considering the nature of the employment (trucking) and the risks he posed to those with whom he would foreseeably associate (other drivers).  Nor has Plaintiff presented evidence or argued that Defendant WL Trucking, Inc., knew or should have known that Defendant Ren was unfit because of his proficiency in English.

Plaintiff also argues that the FMSCRs provide strict regulations as to the steps a motor carrier must take in hiring a commercial vehicle driver, including investigations and inquiries into a driver's safety and employment history.  Doc. 40 at 5.  Plaintiff asserts that Defendant WL Trucking, Inc., never responded to written discovery and since it has not shown that it complied with federal regulations, it is *per se* negligent.  *Id*. at 5-6.  Ultimately, "[t]he absence of evidence is not evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993).  Defendant WL Trucking, Inc.'s failure to respond and produce documents is not evidence for the purposes of asserting a material fact.  A plaintiff bears the burden of proving that a defendant's negligence was the cause of his or her injuries and damages.  *Wilcox v. Homestake Mining Co.*, 619 F.3d 1165, 1166 (10th Cir. 2010).

This Court finds Plaintiff's motion does not assert undisputed material facts that demonstrate Defendant WL Trucking's culpable mental state to warrant punitive damages.  As this Court outlined above, Plaintiff's assertion that Defendant Ren's employment was negligent because of his proficiency in English is genuinely disputed.  Even if there were no genuine dispute

of material fact concerning Defendant Ren's English proficiency, Plaintiff has not offered evidence or demonstrated how Defendant WL Trucking, Inc., had a culpable mental state warranting punitive damages under this theory. Nor has Plaintiff alleged facts that Defendant WL Trucking, Inc., failed to comply with federal safety or investigatory regulations nor demonstrated how the failure to comply establishes the requisite mental state warranting punitive damages. In New Mexico, punitive damages are permitted to deter conduct or to punish. *Vigil*, 521 F.Supp.2d at 221. A wrongdoer must have a culpable mental state with conduct that is fraudulent, wanton, willful, reckless, or oppressive. *Ingersoll-Rand Co.*, 214 F.3d at 1250. Plaintiff has not asserted undisputed material facts that demonstrate Defendant WL Trucking, Inc. had a culpable mental state of mind warranting punitive damages. Defendant WL Trucking, Inc. has been completely unresponsive throughout this litigation. To infer a culpable mental state of a nonresponsive party warranting punitive damages runs contrary to the purposes of punitive damages. Therefore, this Court denies Plaintiff's motion.

## CONCLUSION

For the reasons stated above, the Court finds there is a genuine dispute of material fact as to whether Defendant WL Trucking, Inc. had a culpable mental state to warrant punitive damages. Therefore, summary judgment as to punitive damages is not warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment on the issue of punitive damages (Doc. 40) is **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE