IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHANIE MALDONADO,
OBERLIN MALDONADO

        Plaintiffs,

        vs.                                             1:23-cv-00103-KWR/JFR

WL TRUCKING, INC., and
REN XUEZHI,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion for Sanctions.  Doc. 39. Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is well taken, and is therefore **GRANTED IN PART** for the reasons provided below.  The Court finds default judgment is an appropriate sanction against Defendant WL Trucking, Inc. The Court finds default judgment against Defendant Ren Xuezhi is not appropriate.  This Court awards Plaintiff reasonable fees and costs associated with the filing of the instant motion.  Defendant Ren Xuezhi is ordered to appear for an in-person deposition within sixty (60) days of the entry of this order.

**BACKGROUND**

This case arises out of a motor vehicle accident that occurred on September 5, 2022, on Interstate 40 in Guadalupe County, New Mexico. Doc. 1, ¶11.  Plaintiff was traveling in a motor vehicle when a tractor-trailer, driven by Defendant Ren Xuezhi allegedly swerved from the left lane and into the right lane, colliding with Plaintiff's vehicle.  *Id*. at ¶13.  Plaintiff states the collision caused significant damage to the driver's side door and the front, right wheel of Defendant's tractor.  *Id*.  When Plaintiff's vehicle pulled over, Defendant Ren initially failed to

stop.  *Id*. at ¶14.  Plaintiff states she sustained severe back injuries due to Defendant Ren's

negligent driving.  *Id*. at ¶17.  Defendant WL Trucking, Inc., a motor carrier at the time of the

incident, was authorized by the Department of Transportation to transport property.  *Id*. at ¶ 18.

At the time of the incident, Defendant Ren was employed as a commercial driver by WL Trucking.

*Id*. at ¶19.  Plaintiff initiated this suit on February 3, 2023, alleging claims of negligence and

negligence *per se* against both Defendants and claims damages greater than $75,000.  *Id*. at 5-12.

In the instant motion, Plaintiff seeks default judgment as Federal Rule of Civil Procedure

37(b) and (d) sanctions for Defendants' alleged discovery abuses, and the award of reasonable

attorney's fees and costs.  Doc. 39 at 5, 9.  Plaintiff highlights specific events which it asserts

warrant default judgment.

First, Plaintiff points to Defendants' deficient discovery responses.  Plaintiff served

interrogatories and production requests on Defendants on August 2, 2023, with an extension

granted to September 20, 2023.  Doc. 39, Ex. 1; Doc. 20.  Plaintiff states Defendant WL Trucking

never served responses to Plaintiff's discovery requests.  Doc. 39 at 3.  Counsel for Defendants

then disclosed that he had been unable to communicate with WL Trucking representatives and

therefore, could not respond to discovery.  *Id*.  Despite Plaintiff allowing defense counsel

additional time, as of January 9, 2024, defense counsel was unable to contact his client, WL

Trucking, Inc.  *Id*., citing Ex. 1.  Discovery closed on May 12, 2024, and Plaintiff states WL

Trucking has not provided any responses to discovery requests.  *Id*.

Plaintiff further states although Defendant Ren responded to written discovery on

September 20, 2023, he refuses to participate in further litigation.  *Id*.  Plaintiff outlines the

difficulties in deposing Defendant Ren spanning from October 2023 to April 2024, during which

Plaintiff and defense counsel repeatedly struggled to find Defendant Ren's whereabouts, contact

him, and find availability for a deposition. *Id*. Finally, the parties agreed to a deposition on April 9, 2024, in Baton Rouge, Louisiana, however on April 8, defense counsel informed Plaintiff's counsel that Defendant Ren would not appear at the scheduled deposition nor any future scheduled deposition. *Id*. at 4-5.

Defense counsel concedes that despite going to great lengths to arrange conference calls with his client, Defendant Ren would not answer his telephone and refused to cooperate. Doc. 43 at 2. Defense counsel states, "Despite going to great lengths to locate and speak with a principal or owner of WL Trucking, Inc., including making numerous "cold" telephone calls to several different numbers, conducting an extensive internet search, sending multiple letters to several different addresses both in English and Mandarin Chinese, and hiring a private investigator, neither Mr. Corchine nor the insurer for WL Trucking have been able to locate or communicate with an owner or principal of WL Trucking, Inc." *Id*. at 2-3. Furthermore, defense counsel believes that WL Trucking, Inc. has likely closed down and may have reformed under a different business name. *Id*. Therefore, defense counsel states because he has been unable to locate or communicate with an owner or principal of WL Trucking, Inc., his client has not responded to discovery requests. *Id*. at 3. Defendant's Response states WL Trucking's failure to respond to discovery was not done at the direction of counsel nor willful or intentional, as it does not have knowledge that discovery was served on it. *Id*. at 5. Therefore, defense counsel requests the Court not enter a default judgment against WL Trucking, Inc. as a sanction since its failure to answer discovery was not willful, intentional, or in bad faith. *Id*. As to Defendant Ren, defense counsel states that he doubts Mr. Ren will appear in person for a deposition but may by court order. *Id*. However, if the Court grants Plaintiff's motion and enters a default judgment against both Defendants, Defendants request the Court hold a damages hearing and an opportunity to present rebuttal evidence. *Id*.

Plaintiff requests the full extent of discovery sanctions that the Court may impose under Rules 37(b) and (d). *Id*. at 5.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 37(b), the Court may order sanctions if "a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." *See* Fed. R. Civ. P. 37(b)(2)(A). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* at 37(a)(4). Sanctions for failure to provide or permit discovery may include, but are not limited to, prohibiting a disobedient party from supporting claims or defenses or introducing designated matters into evidence, staying further proceedings until the order is obeyed, striking pleadings in whole or in part, dismissing the action, rendering a default judgment against the disobedient party, or treating the failure as contempt. *Id.* at 37(b)(2)(A)(i)-(vii).

While the Court has discretion to choose a sanction, "the chosen sanction must be both just and related to the particular claim which was at issue." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotations omitted) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). "Default judgment is 'a harsh sanction that should be used only' if the failure to comply with court orders is the result of 'willfulness, bad faith, or any fault of the disobedient party' rather than inability to comply." *Klein*, 777 F.3d at 1147–48 (quoting *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013)). This Circuit has defined a willful failure as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir. 1965); *see also M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987). "Strong policies favor resolution of disputes on their merits: the default

4

judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id.* at 920. Thus, to determine whether dismissal or other sanctions are appropriate under Rule 37, the Court may consider five factors, including:

(1) the degree of actual prejudice to the [plaintiff];

(2) the amount of interference with the judicial process;

(3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

(5) the efficacy of lesser sanctions.

*Id.* at 921; *see also Klein v. Harper,* 777 F.3d 1144, 1147-48 (10th Cir. 2015); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir.1988). Determination of the correct sanction for a discovery violation is a fact-specific inquiry, and dismissal is appropriate only when "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *See Ehrenhaus*, 965 F.2d at 920-21 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Under Fed. R. Civ. P. 37(d)(1), the court where an action is pending may order sanctions on motion if, "(i) a party…fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33…fails to serve its answers, objections, or written response." Under Rule 37(d)(3), sanctions can include those listed in Rule 37(b)(2)(A)(i-iv) and instead of or in addition to these sanctions, "the court

must require the party failing to act, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1-3).

**ANALYSIS**

I.    **This Court Orders Default Judgment as a Sanction Against Defendant WL Trucking, Inc.**

Plaintiff first argues that Defendants' conduct throughout the litigation has demonstrated a

complete lack of willingness to participate by failing to offer any responses, which has crippled its

ability to prove claims in this case.  Accordingly, Plaintiff moves this Court to impose, to the fullest

extent allowed, sanctions under Rules 37(b) and (d).  Specifically, Plaintiff asks this Court under

Rule 37(b)(2)(A)(i-iv) to prohibit Defendants from supporting or opposing designated claims or

defenses, striking Defendants' pleadings in whole or in part, and rendering a default judgment

against Defendants.  Doc. 39 at 6.  This Court agrees with Plaintiff and finds the sanction of default

judgment is appropriate against Defendant WL Trucking, Inc.

Fed. R. Civ. P. 37 is the mechanism by which federal courts enforce compliance with

discovery.  *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966) citing, *B. F.

Goodrich Tire Company v. Lyster*, 5 Cir., 328 F.2d 411, 415; Moore's Federal Practice, 2d ed.,

Vol. 4, § 37.01 et seq.; Barron & Holtzoff, Federal Practice and Procedure (Wright ed.), § 851.

Under Rule 37(d)(1), if, after being served with proper notice, a person fails to appear to a

deposition or respond to interrogatories through a failure to serve its answers, objections, or a

written response, a court may order sanctions.  Fed. R. Civ. P. 37(d)(1).  Federal district courts

have the inherent power to manage their business "so as to achieve the orderly and expeditious

disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (quoting

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  In particular, federal district courts have the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44, 45; *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 372 F.3d 1186, 1193 (10th Cir. 2004).

In determining whether dismissal or other sanctions are appropriate under Rule 37, the Court first finds that Plaintiff has been severely prejudiced in prosecuting her claims.  Both Defendants have failed to substantively and meaningfully participate in discovery.  Defendant WL Trucking has failed to respond to *any* discovery requests by Plaintiff.  As defense counsel admits, he has "worked diligently to locate and communicate with an owner or principal of Defendant WL Trucking, In. for over one (1) year without success."  Doc. 43 at 4.  While Defendant WL Trucking may be prejudiced through a default judgment since it will not have the opportunity to litigate this case on the merits, it has been completely nonresponsive as a party to this suit and likely would not be responsive to other sanctions.

Secondly, this Court finds Defendant WL Trucking, Inc.'s failure to comply with discovery has to date substantially interfered with the judicial process and will likely be the case going forward.  Defense counsel has unsuccessfully attempted to contact his client, WL Trucking, Inc., for over a year at this point.  Doc. 43 at 4.  Plaintiff has been unable to conduct discovery because of WL Trucking, Inc.'s unresponsiveness.  Accordingly, this Court finds because of Defendants' actions, there is significant interference with the judicial process.

Next, this Court finds Defendant WL Trucking, Inc., is culpable in its failure to comply with the rules of discovery.  Defendant WL Trucking, Inc., has refused to participate in this litigation whatsoever, including communication with its own counsel.  Therefore, this Court finds Defendant WL Trucking, Inc. is culpable for its own unresponsiveness.

As to the fourth factor, whether the Court warned the parties in advance that default judgment or dismissal of the action would likely be a sanction for noncompliance, this Court finds any warning given would be futile.  Defendant WL Trucking, Inc., has been unresponsive throughout this litigation to Plaintiff and the numerous attempts of its own counsel.  Doc. 43 at 4.  Because Defendant WL Trucking, Inc. has been unresponsive to its own counsel and numerous discovery requests throughout this litigation, this Court's warning would be futile.

Lastly, this Court finds sanctions lesser than default judgment would be ineffective.  Lesser sanctions are preferable and appropriate to "deter the errant party from further misconduct."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  Since Defendant WL Trucking, Inc., has been unresponsive throughout this litigation and has not answered any of Plaintiff's discovery requests, a lesser sanction would do little to deter this Defendant from further misconduct.  While the judicial system has a strong predisposition to resolve cases on their merits, here, as against Defendant WL Trucking, Inc., it would be impossible to resolve this case on the merits given Defendant's noncompliance and lack of response to *any* of Plaintiff's discovery requests.  *Ehrenhaus*, 965 F.2d at 920-21 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).  Given the aggravating factors, this Court finds the sanction of default judgment both just and related to the claims at issue.  *Id*. citing, *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir.1988), *Willner v. University of Kansas*, 848 F.2d 1023, 1030 (10th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989); *Standard Metals*, 817 F.2d at 629; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); *Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 538 (1st Cir.1988).  Despite being a harsh sanction, default judgment is appropriate

if the failure to comply with a court order is the result of "willfulness, bad faith, or any fault of the disobedient party" instead of inability to comply. *Klein*, 777 F.3d at 1147–48 (quoting *Klein-Becker USA, LLC*, 711 F.3d at 1159). Here, this Court finds default judgment appropriate because Defendant is at fault and disobedient, in addition to being willful in its failure to respond to this litigation and Plaintiff's discovery requests. *Patterson*, 352 F.2d at 336; *M.E.N. Co*, 834 F.2d at 872–73. Default judgment is appropriate in instances where a party's conduct represents "flagrant bad faith" and "callous disregard" of obligations under the Federal Rules of Civil Procedure. *Burks v. Eagan Real Est. Inc.*, 742 F. Supp. 49, 52 (N.D.N.Y. 1990) citing, *Wilson v. Volkswagen of America*, Inc., 561 F.2d 494, 503–05 (4th Cir.1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Buckeye Union Ins. Co. v. Boggs*, 109 F.R.D. 420, 421–22 (S.D.W.Va.1986). Defendant WL Trucking, Inc.'s, conduct demonstrates callous disregard through its failure to respond to this litigation, and therefore, default judgment is appropriate.

Under Fed. R. Civ. P. 37(d)(3), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, given Defendant WL Trucking's absence and unresponsiveness to this litigation, this Court finds monetary sanctions for expenses incurred by Plaintiff appropriate. Accordingly, this Court orders Defendant WL Trucking., Inc., to pay reasonable expenses, including attorney's fees, caused by its failure to attend depositions, serve answers to interrogatories, or respond to requests for inspection.

Under Fed. R. Civ. P. 55(b)(2), a court "may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of

any allegation by evidence; or (D) investigate any other matter." Here, Defendants demanded a

jury trial. Doc. 8 at 8. Therefore, before a final judgment can be entered reflecting the amount of

damages, a trial on such damages is required. Fed. R. Civ. P. 55(b)(2)(B). Accordingly, this Court

directs the parties to confer and propose trial dates to this Court.

## II.   This Court Does Not Find Default Judgment Against Defendant Ren is Appropriate

Plaintiff argues that both Defendants' conduct throughout the litigation has demonstrated

a complete lack of willingness to participate by failing to offer any responses, which has crippled

its ability to prove claims in this case. Accordingly, Plaintiff moves this Court to impose, to the

fullest extent allowed, discovery sanctions under Rules 37(b) and (d), including against Defendant

Ren Xuezhi. Specifically, Plaintiff asks this Court under Rule 37(b)(2)(A)(i-iv) to prohibit

Defendants from supporting or opposing designated claims or defenses, striking Defendants'

pleadings in whole or in part, and rendering a default judgment against Defendants. Doc. 39 at 6.

As to Defendant Ren, this Court does not find that default judgment is appropriate at this juncture.

To determine whether dismissal or other sanctions are appropriate, under Rule 37, courts

must consider: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference

with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party

in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions. *Klein,* 777 F.3d at 1147-48. Determination of the correct sanction for

a discovery violation is a fact-specific inquiry, and dismissal is appropriate only when

"aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their

merits." *See Ehrenhaus*, 965 F.2d at 920-21.

As to the first factor, the degree of actual prejudice, this Court finds Plaintiff would likely

be prejudiced without the imposition of sanctions against Defendant Ren. From September 2023

to April 2024, Defendant Ren has repeatedly avoided Plaintiff and his own counsel, including his refusal to sit for an in-person deposition.  Doc. 39 at 3-4.  If sanctions are not imposed against Defendant Ren, Plaintiff would suffer actual prejudice through Defendant Ren's continued failure to appear for an in-person deposition, which has significantly delayed this litigation.  Therefore, this factor weighs in favor of Plaintiff.

Regarding the second factor, the amount of interference with the judicial process, Defendant Ren has significantly interfered with the judicial process, however, to a lesser extent than Defendant WL Trucking, Inc.  While Defendant Ren has not complied with Plaintiff's deposition requests, he has been in communication with his counsel and answered interrogatories and requests for production.  Doc. 39 at 7.  However, through his interference with the judicial process, Plaintiff has encountered significant delays in this litigation spanning seven months through Defendant's refusal to sit for a deposition.  Doc. 39 at 3-4.  Accordingly, this Court finds this factor weighs against Defendant.

Defendant Ren is culpable for his failure to comply with Plaintiff's discovery requests. Defense counsel has gone to great lengths to contact his client over the past year, often with significant difficulty.  Doc. 43 at 2.  Despite agreeing to an in-person deposition, at the eleventh hour, Defendant Ren told his defense counsel he would not appear.  *Id*. at 3.  Therefore, this Court finds this factor weighs against Defendant.

This Court has not warned Defendant Ren in advance that dismissal of the action would be a sanction for noncompliance.  It is also important to note that Defendant Ren is an itinerant employee whose English is limited, requiring an interpreter.  Doc. 43 at 2-3.  Therefore, because this Court has not warned Defendant Ren in advance as to the sanctions for noncompliance, this Court finds this factor weighs in his favor.

11

Lastly, as to the efficacy of lesser sanctions, this Court finds lesser sanctions may be effective in securing Defendant's compliance.  While defense counsel has faced significant challenges in communicating with his client, he has expressed that Defendant Ren may appear for an in-person deposition if ordered by this Court.  Doc. 43 at 5.  Unlike Defendant WL Trucking, Defendant Ren has been in contact with defense counsel and has filed responses and answers to interrogatories.  Doc. 39 at 7.  Given Defendant's responses and potential willingness to appear for an in-person deposition, this Court finds lesser sanctions may be effective.

Accordingly, this Court finds the sanction of default judgment against Defendant Ren is not appropriate at this juncture.  "Strong policies favor resolution of disputes on their merits: the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Cessna Finance Corp.*, 715 F.2d at 1444. Although the adversarial process has been significantly delayed by Defendant, he has intermittently responded to Plaintiff's discovery requests.  His repeated delays and unwillingness to appear for an in-person deposition may be resolved through lesser sanctions.

However, under Rule 37, a court must award expenses unless a disobedient party's failure to act was substantially justified, or the award of expenses would be unjust.  Fed. R. Civ. P. 37(b)(2)(C).  Defendant has had an opportunity to be heard, and this Court finds his failure to provide timely responses was not substantially justified.  *Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2020 WL 954177 *3 (D.N.M. Feb. 27, 2020) citing, *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).  Nor has Defendant demonstrated why an award of expenses would be unjust.  Therefore, this Court finds monetary sanctions for expenses incurred by Plaintiff appropriate.  Accordingly, this Court orders Defendant Ren Xuezhi to pay reasonable expenses,

including attorney's fees, caused by his failure to attend depositions, serve answers to interrogatories, or respond to requests for inspection.

Furthermore, Defendant Ren must comply with Plaintiff's request for an in-person deposition. Defendant Ren must appear at an in-person deposition within sixty (60) days of the entry of this order. Should Defendant Ren fail to comply with this order, he may be held in civil contempt pursuant to Fed. R. Civ. P. 16(f), as well as subject to further sanctions, up to and including default judgment pursuant to Fed. R. Civ. P. 37(d).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Sanctions (Doc. 39) is **GRANTED IN PART**. Default judgment against Defendant WL Trucking, Inc. is imposed as a sanction under Federal Rules of Civil Procedure 37(b)(2)(A)(vi) and 37(d)(1)(A)(ii). Defendants WL Trucking, Inc., and Ren Xuezhi are directed to reimburse Plaintiff's attorneys' fees and other reasonable costs associated with Plaintiff's motion for sanctions and failures to attend depositions, serve answers to interrogatories, or respond to requests for inspection pursuant to Fed. R. Civ. P. 37(d)(3). Should Defendants fail to timely reimburse Plaintiff, Defendants will bear the costs as a sanction under Rule 37(b)(2)(A), with interest.

**IT IS THEREFORE ORDERED** that Defendants are required to pay Plaintiff's reasonable expenses, including attorney's fees, in bringing this Motion and failure to attend depositions, serve answers to interrogatories, or respond to requests for inspection.

**IT IS FURTHER ORDERED** that, within ten (10) days of the filing of this Order, Plaintiff shall submit an affidavit detailing the reasonable attorney's fees and costs expended. Defendants' objections to the amounts claimed, if any, shall be filed within ten (10) days of the filing of the affidavit.

**IT IS FURTHER ORDERED** that Defendant Ren Xuezhi must appear for an in-person deposition within sixty (60) days.

**IT IS FINALLY ORDERED** that default judgment be entered against Defendant WL Trucking, Inc.

                                                        _____/S/_____

                                                        KEA W. RIGGS
                                                        UNITED STATES DISTRICT JUDGE